UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

SHEQUELA OWENS,

    Plaintiff,

v.

WINTER HAVEN OPCO LLC,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**WITH INJUNCTIVE AND DECLARATORY RELIEF REQUESTED**

Plaintiff, SHEQUELA OWENS, ("Ms. Owens" or "Plaintiff") files this Complaint against Defendant, WINTER HAVEN OPCO LLC ("WH" or "Defendant"), and states as follows:

**INTRODUCTION**

1. Plaintiff brings this action pursuant the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") to recover from Defendant back pay, other monetary damages, equitable relief, front pay, injunctive and declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## **JURISDICTION AND VENUE**

2. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*, and also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as her ADA claims.

3. At all times relevant hereto, Plaintiff was an employee of Defendant.

4. Plaintiff worked for Defendant in Polk County, Florida, and this venue is therefore proper.

5. Defendant is a Florida Limited Liability Company that is located and does business in Polk County, Florida, and is therefore within the jurisdiction of the Court.

6. Plaintiff is a disabled female. At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because:

   a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination because of her disability or "perceived disability" by Defendant; and

   b. Plaintiff was retaliated against and suffered adverse employment action as a result of her disability or "perceived disability," and her request for reasonable accommodation.

7. Defendant was at all times an "employer" as envisioned by the ADA and FCRA as it employed in excess of fifteen (15) employees.

## CONDITIONS PRECEDENT

8. On or around September 9, 2024, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

9. More than 180 days have passed since the filing of the Charge of Discrimination.

10. On or around May 14, 2025, the EEOC issued a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of the same.

11. Plaintiff timely files this action within the applicable period of limitations against Defendant.

12. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

13. Ms. Owens worked for WH at WH's Vivo Healthcare Winter Haven facility in Winter Haven, Florida, most recently as a Certified Nursing Assistant, from February 28, 2022, until her termination on November 15, 2023.

3

14. In early November of 2023, Ms. Owens suffered symptoms of a disability, specifically a respiratory virus which she suspected could be COVID-19, which substantially limited her ability to breathe, communicate effectively, and think clearly.

15. Out of an abundance of caution and of concern for WH's residents and patients, Ms. Owens put in for sick and vacation days from November 8, 2023, through November 14, 2023, as a reasonable and non-burdensome accommodation in order to quarantine herself and treat and address her disability.

16. Incredibly, on November 15, 2023, WH's Director of Nursing called Ms. Owens and wrongly accused her of having been a "no call, no show" the previous day, November 14, 2023.

17. In fact, November 14, 2023, had been one of the sick days that Ms. Owens had conscientiously scheduled in advance.

18. When Ms. Owens pointed this out to WH's Director of Nursing, WH nevertheless held firm, and informed Ms. Owens that WH had decided to terminate her employment, effective immediately.

19. It is clear that WH discriminated against Ms. Owens based on disability or based on its perception of Ms. Owens as disabled, and terminated Ms. Owens's employment in retaliation for her disclosure of her disability and her requests for reasonable, non-burdensome accommodation of her disability.

20. Any other "reason" theorized after the fact by WH for its treatment and termination of Ms. Owens is pure pretext.

21. Plaintiff is an individual with a disability who, with or without, reasonable accommodation, was fully capable of performing the essential functions of her job.

22. Defendant's termination of Plaintiff stemmed from its discriminatory animus toward her disability and her need for accommodation under the ADA/FCRA.

23. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA/FCRA.

24. The timing of Plaintiff's termination makes the causal connection between her disability disclosure/request for reasonable accommodation under the ADA/FCRA, and her termination sufficiently clear.

25. Defendant was aware of Plaintiff's ADA/FCRA-protected disability and need for accommodation.

26. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during her employment. Therefore, she is protected class member as envisioned by the ADA and the FCRA.

27. Defendant did not have a good faith basis for its actions.

28. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

29. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

30. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY
## FAILURE TO ACCOMMODATE

31. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 30 above.

32. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

33. The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability".

34. Defendant failed to provide Plaintiff with reasonable, non-burdensome accommodation for her disability.

35. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages

and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

36. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

37. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

38. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### COUNT II
### DISCRIMINATION UNDER THE ADA BASED ON DISABILITY
### DISPARATE TREATMENT

39. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 30 above.

40. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

41. The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability".

42. Defendant treated Plaintiff differently because of her disability and/or perceived disability, and her request and need for reasonable disability accommodations.

43. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

44. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

45. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

46. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### COUNT III
### DISCRIMINATION UNDER THE FCRA BASED ON DISABILITY
### FAILURE TO ACCOMMODATE

47. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 30 above.

48. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA.

49. The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability".

50. Defendant failed to provide Plaintiff with reasonable, non-burdensome accommodation for her disability.

51. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

52. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

53. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

54. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## DISCRIMINATION UNDER THE FCRA BASED ON DISABILITY
## DISPARATE TREATMENT

55. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 30 above.

56. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA.

57. The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability".

58. Defendant treated Plaintiff differently because of her disability and/or perceived disability, and her request and need for reasonable disability accommodations.

59. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

60. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

61. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

62. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT V
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

63. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 30, above.

64. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

65. The discrimination to which Plaintiff was subjected was based on her disability/handicap, or "perceived disability."

66. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

67. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

68. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

69. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT VI
## RETALIATION UNDER THE ADA BASED ON DISABILITY

70. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 30, above.

71. Plaintiff was terminated within close temporal proximity of her objections to Defendant that he felt she was being discriminated against based on her disability, and her request for reasonable accommodation.

72. Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the ADA.

73. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be disability discrimination, and her request for reasonable accommodation.

74. Plaintiff's protected activity, and her termination, are causally related.

75. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

76. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

77. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

78. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT VII
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

79. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 30, above.

80. Plaintiff was terminated within close temporal proximity of her objections to Defendant that she felt she was being discriminated against based on her disability, and her request for reasonable accommodation.

81. Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the FCRA.

82. Plaintiff was terminated as a direct result of her objections to what she reasonably believed to be disability discrimination, and her request for reasonable accommodation.

83. Plaintiff's protected activity, and her termination, are causally related.

84. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

85. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

86. Plaintiff is entitled to recover her reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

87. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

*(Remainder of page left intentionally blank)*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 12th day of August 2025.

           Respectfully Submitted,

           **By:** */s/ Noah Storch*
           Noah E. Storch, Esq.
           Florida Bar No. 0085476
            RICHARD CELLER LEGAL, P.A.
           7951 SW 6th St, Suite 316
           Plantation, FL 33324
           Telephone: (866) 344-9243
           Facsimile: (954) 337-2771
           E-mail: noah@floridaovertimelawyer.com